IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN G. SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>RICK EBERHARDT, Pierce County Shariff; JASON DWINELL, Wayne County Shariff; and COUNTY DEPUTY'S,<br><br>    Defendants. | 8:20CV357<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff seeks to bring 42 U.S.C. § 1983 claims against two county sheriffs and unnamed county deputies for the substandard medical treatment he received while being held in the Pierce County Jail's "drunk tank with no din[n]er, blanket, mattress, or pillow in a below 70[] degree cell." (Filing 1 at CM/ECF p. 3.) Plaintiff also claims he was not given two doses of his blood-pressure medication, causing his blood pressure to spike, resulting in a stroke. Plaintiff requests reimbursement for lost wages and lost future earnings in the amount of $60,000 per year.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

### A. Capacity in Which Defendants Are Sued

Plaintiff sues the Pierce County Sheriff, the Wayne County Sheriff, and unidentified county deputies. Because Plaintiff does not specify the capacity in which he sues the Defendants, the court must construe Plaintiff's suit to be brought against the Defendants in their official capacities, which is actually a suit against the counties that employ Defendants. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the

defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.").

A county may only be liable under section 1983 if a "policy" or "custom" of the county caused a violation of the Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's allegations fail to show that any actions were taken pursuant to a policy or custom of Pierce or Wayne Counties. "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the

pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

On its own motion, the court will grant Plaintiff leave to file an amended complaint to properly bring claims against Defendants in their official capacities. If Plaintiff chooses to file an amended complaint, he may also allege claims against Defendants in their individual capacities. If he does so, he should keep in mind that he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In other words, Plaintiff must explain how each Defendant *personally* participated in the alleged constitutional violations. For Plaintiff's guidance in filing an amended complaint, below is a discussion of the constitutional claims suggested by his Complaint.

### B.  Unnamed Defendant Deputies

Plaintiff names as defendants "County Deputy's." (Filing 1 at CM/ECF p. 2.) "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). The allegations in Plaintiff's Complaint regarding these unknown, unnamed Defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. *See id.* The Complaint "does not sufficiently allege who [these] Defendants are, what they allegedly did, what their position is for the [County], or any other facts that would permit [them] to be noticed or identified through discovery." *Id.* All claims alleged against the unknown,

unnamed Defendants may therefore not proceed. *See, e.g., Roe v. Nebraska*, No. 4:15CV3071, 2015 WL 6159212, at *4 (D. Neb. Oct. 20, 2015) (dismissing claims alleged against unknown "agents and employees" of the State), *aff'd*, 861 F.3d 785 (8th Cir. 2017). However, Plaintiff will be given leave to amend his Complaint to name such Defendants.

### C. Conditions of Confinement

Plaintiff challenges the conditions of his confinement when he was a pretrial detainee at the Pierce County Jail. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, under which a convicted and sentenced prisoner may be punished, as long as such punishment is not cruel and unusual. In contrast, a pretrial detainee's challenge to such conditions is analyzed under the Due Process Clause of the Fourteenth Amendment (with respect to state actors) or the Fifth Amendment (with respect to federal actors), which require that a pretrial detainee not be punished. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

To determine whether a pretrial detainee's conditions of confinement constitute "punishment," a plaintiff may show that such conditions are "intentionally punitive" or, in the absence of an "expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (citing *Bell*, 441 U.S. at 536-39). If the conditions are found to be arbitrary or excessive, it may be "'infer[red] that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.'" *Id*. (citing *Bell*, 441 U.S. at 539).

However, the Due Process Clause is "not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328, 332-33 (1986) (also holding that the protections of the Due Process Clause are not "triggered by lack of due care by prison officials" or

5

"merely because the defendant is a [government] official"); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (holding that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Stearns*, 957 F.3d at 908 n.5 (noting that defendants were "sheltered from liability for mere negligence under the *Bell* standard").

### 1. Inadequate Medical Care

Plaintiff alleges that he was given substandard medical care while in the Pierce County Jail, causing him to suffer a stroke. To prove that Defendants were deliberately indifferent to Plaintiff's serious medical needs, Plaintiff must show "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it. Deliberate indifference is more than negligence, more even than gross negligence . . . ." *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (internal quotation marks and citations omitted); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries).[1] "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotation and citation omitted).

As to Plaintiff's claim that he was not given prescribed blood-pressure medication, "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006). "When an official denies a person treatment that has been ordered

---

[1] As a pretrial detainee, Plaintiff is "entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment." *Johnson*, 929 F.3d at 575. Therefore, Eighth Amendment cases are also applicable to deliberate-indifference claims brought by pretrial detainees.

or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka Cty.*, 827 F.3d 749, 756 (8th Cir. 2016) (right to adequate medical treatment was clearly established when pretrial detainee arrived at jail after dental surgery with Vicodin prescription for severe pain and deputies and jail nurse ignored detainee's complaints of pain and requests for treatment; deputies and jail nurse acted with deliberate indifference); *Foulks v. Cole Cty., Mo.*, 991 F.2d 454, 455-57 (8th Cir. 1993) (holding there was liability where jail officials disregarded instruction sheet from the plaintiff's doctor, ignored complaints of sickness and pain, and refused to provide medication they were aware was prescribed); *Majors v. Baldwin*, 456 Fed. App'x 616, 617, 2012 WL 739347 (8th Cir. 2012) (unpublished per curiam) (holding that plaintiff had established a deliberate indifference claim where defendants withheld prescribed pain medication and did not provide adequate post-operative treatment); *Motton v. Lancaster Cty. Corr.*, No. 4:07CV3090, 2008 WL 2859061, at *6 (D. Neb. July 21, 2008) (noting that the knowing failure to administer prescribed medicine can constitute deliberate indifference, but to establish constitutional violation, inmate must produce evidence that delay in providing medical treatment had detrimental effect on inmate).

As to Plaintiff's claim that Defendants unreasonably delayed his transportation to the hospital, "delays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)) (quotations omitted). However, "[t]he Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish," *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (*citing Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)), and a delay that constitutes mere negligence—even gross negligence—fails to state a constitutional claim. *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019), *as amended* (Nov. 26, 2019), *cert. denied,* No. 19-1291, 2020 WL 6037412 (U.S. Oct. 13, 2020).

### 2. Other Conditions of Confinement

Plaintiff also alleges that while in the Pierce County Jail (for an unclear amount of time), he had no dinner, blanket, mattress, or pillow and was kept in a cell that was below 70 degrees. In order to pursue a claim that such conditions violated his right to due process, Plaintiff must allege facts demonstrating the Defendants' intent to punish him. If Plaintiff is not able to make such truthful allegations, he must allege facts showing that the conditions he endured were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Stearns*, 957 F.3d at 907.

Plaintiff's current allegations, if properly asserted against the Defendants in their individual capacities, are unlikely to state a due process claim. *See Goldman v. Forbus*, 17 F. App'x 487, 488 (8th Cir. 2001) (conditions of confinement were not unconstitutional punishment when plaintiff spent two nights in two-person cell with two others cellmates and four nights in eight-man cell with ten other men and slept on mattress on floor in both locations); *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647 (8th Cir. 1996) (pretrial detainee's due process rights not violated by confinement to space of 30 square feet and use of floor mattress for 13 nights, and confinement did not constitute "punishment"; totality of circumstances supported existence of legitimate governmental interest based on short duration of confinement, necessity to keep detainee under observation for both his medical condition and general safety concerns, and amount of time detainee spent out of the cell); *Smith v. Copeland,* 87 F.3d 265, 268-69 (8th Cir. 1996) (finding no Eighth Amendment or due process violation where pretrial detainee was subjected to overflowed toilet in his cell for four days; to prevail, plaintiff must show officers were deliberately indifferent to risk of harm posed by conditions); *Williams v. Delo*, 49 F.3d 442, 444-47 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket, and mattress for four days did not violate inmate's Eighth Amendment rights); *Barnes v. Holder*, No. 1:14CV0003, 2014 WL 1478440, at *4 (E.D. Mo. Apr. 15, 2014) (no due process violation for detainee's time in "drunk tank" when cell was cold for 38 hours, cell light was on for 24 hours straight, no recreation was allowed, and bedding was removed during time in isolation (citing cases)).

### D. Leave to Amend

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendants in their individual and official capacities and addresses the deficiencies noted above. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) after he addresses the matters set forth in this Memorandum and Order.

### E. Motion to Appoint Counsel

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id*. (quotation and citation omitted). No such benefit is apparent at this time. Thus, Plaintiff's request for the appointment of counsel will be denied without prejudice.

### IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants in their official capacities. Further, none of Plaintiff's claims can proceed against the unspecified "county deputies" so long as these Defendants remain unknown and unidentified or so long as Plaintiff fails to include in his Complaint allegations specific enough to permit the identity of these Defendants after reasonable discovery.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his conditions-of-confinement claims against specific, named defendants (or includes allegations specific enough to permit the identity of unnamed defendants after reasonable discovery). The amended complaint must specify the capacity in which the defendants are sued; must either identify each defendant by name or include allegations specific enough to permit the identity of unnamed defendants after reasonable discovery; and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must either identify each defendant by name or, if unnamed, include allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery; state the capacity (official, individual, or both) in which each defendant is sued; and set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant

did to him, when each defendant did it, and how each defendant's actions harmed him.

2.  In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.  The Clerk of the Court is directed to set a pro se case management deadline using the following text: January 22, 2021—amended complaint due.

5.  Plaintiff's Motion to Appoint Counsel (Filing 6) is denied without prejudice.

6.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 23rd day of December, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge