IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN G. SMITH,<br><br>      Plaintiff,<br><br>vs.<br><br>RICK EBERHARDT, Pierce County Shariff; JASON DWINELL, Wayne County Shariff; and COUNTY DEPUTY'S,<br><br>      Defendants. | 8:20CV357<br><br>**MEMORANDUM AND ORDER** |

      On December 23, 2020, the court granted the non-prisoner Plaintiff, who is proceeding pro so, leave to file an amended complaint within 30 days. (Filing 7.) Because the court did not receive Plaintiff's amended complaint within that timeframe, it dismissed this case on January 26, 2021, without prejudice for failure to prosecute this matter diligently and for failure to comply with this court's orders. (Filings 8 & 9.) On January 27, 2021, Plaintiff filed an Amended Complaint. (Filing 10.)

      Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;

> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (Westlaw 2021). Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008). The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from becoming a vehicle of injustice. *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). Perhaps the most applicable ground for relief in this case—Rule 60(b)(6)—authorizes relief only in the most exceptional of cases. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007). Relief under this catch-all provision of the rule "is exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *Id.* at 868 (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir.1999)).

Here, the Plaintiff has not filed a Motion for Relief From Judgment under Fed. R. Civ. P. 60(b). However, even if the court considers his Amended Complaint as such a motion, Plaintiff has made no showing whatsoever that he is entitled to relief from the court's Judgment. Accordingly, I conclude that the present action was properly dismissed and will not be revived. Because this action was dismissed without prejudice, Plaintiff is free to file a new lawsuit raising the same claims.

IT IS ORDERED:

1. Plaintiff's Amended Complaint (Filing 10), construed as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), is denied, and this action will not be revived.

2. Plaintiff's Motion to Appoint Counsel (Filing 11) is denied as moot.

3. Because this action was dismissed without prejudice, Plaintiff is free to file a new lawsuit raising the same claims.

DATED this 28th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge